**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Humanigen, Inc. |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names, and *doing business as* names | Kalobios Pharmaceuticals, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | _77-0557236 __ __ __ __ __ __ __ |

4. **Debtor's address**

**Principal place of business**

533        Airport Boulevard
Number     Street

Suite 400

BURLINGAME,        CA    94010
City              State   ZIP Code

San Mateo
County

**Mailing address, if different from principal place of business**

_____
Number    Street

_____
P.O. Box

_____
City       State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number    Street

_____

_____
City       State    ZIP Code

5. **Debtor's website** (URL)    www.humanigen.com

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 1

Debtor  Humanigen, Inc._____    Case number (*if known*)_____
        Name

6. **Type of debtor**

   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ❑ Partnership (excluding LLP)
   ❑ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*

   ❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ❑ Railroad (as defined in 11 U.S.C. § 101(44))
   ❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ■ None of the above

   B. *Check all that apply:*

   ❑ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   _3_ _2_ _5_ _4_

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ❑ Chapter 7
   ❑ Chapter 9
   ■ Chapter 11. *Check **all** that apply*:

       ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ❑ A plan is being filed with this petition.

       ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

       ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

       ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ❑ Chapter 12

Debtor  __Humanigen, Inc._____    Case number (*if known*)_____
         Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No
☐ Yes.  District _____  When _____  Case number _____
                                    MM / DD / YYYY
        District _____  When _____  Case number _____
                                    MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

■ No
☐ Yes.  Debtor _____  Relationship _____
        District _____  When _____
                                                             MM / DD / YYYY
        Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number      Street
                          _____
                          _____  _____  _____
                          City                                State  ZIP Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

---

■ **Statistical and administrative information**

Debtor    **Humanigen, Inc.**            Case number *(if known)*_____
      Name

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>■ Funds will be available for distribution to unsecured creditors.<br>❏ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |
| **14. Estimated number of creditors** | ❏ 1-49<br>❏ 50-99<br>❏ 100-199<br>■ 200-999 | ❏ 1,000-5,000<br>❏ 5,001-10,000<br>❏ 10,001-25,000 | ❏ 25,001-50,000<br>❏ 50,001-100,000<br>❏ More than 100,000 |
| **15. Estimated assets** | ❏ $0-$50,000<br>❏ $50,001-$100,000<br>❏ $100,001-$500,000<br>■ $500,001-$1 million | ❏ $1,000,001-$10 million<br>❏ $10,000,001-$50 million<br>❏ $50,000,001-$100 million<br>❏ $100,000,001-$500 million | ❏ $500,000,001-$1 billion<br>❏ $1,000,000,001-$10 billion<br>❏ $10,000,000,001-$50 billion<br>❏ More than $50 billion |
| **16. Estimated liabilities** | ❏ $0-$50,000<br>❏ $50,001-$100,000<br>❏ $100,001-$500,000<br>❏ $500,001-$1 million | ❏ $1,000,001-$10 million<br>■ $10,000,001-$50 million<br>❏ $50,000,001-$100 million<br>❏ $100,000,001-$500 million | ❏ $500,000,001-$1 billion<br>❏ $1,000,000,001-$10 billion<br>❏ $10,000,000,001-$50 billion<br>❏ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   01/03/2024
                MM / DD / YYYY

✘   /s/ Ronald Barliant                     **Ronald Barliant**
     Signature of authorized representative of debtor         Printed name

     Title   **Independent Director**

Debtor  Humanigen, Inc.
        Name

Case number (if known)

**18. Signature of attorney**

✗ /s/ M. Blake Cleary
Signature of attorney for debtor

Date  01/ 03/2024
MM  / DD / YYYY

M. Blake Cleary
Printed name

Potter Anderson & Corroon LLP
Firm name

1313    North Market Street, Sixth Floor
Number    Street

Wilmington                    DE        19801
City                          State     ZIP Code

(302) 984-6000                bcleary@potteranderson.com
Contact phone                 Email address

3614                          DE
Bar number                    State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __001-35798__.

2. The following financial data is the latest available information and refers to the debtor's condition on __12/29/2023__.

    a. Total assets    $ __521,000__

    b. Total debts (including debts listed in 2.c., below)    $ __44,131,000__

    c. Debt securities held by more than 500 holders

    Approximate number of holders:

    | | | | | |
    |---|---|---|---|---|
    | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |
    | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |
    | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |
    | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |
    | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |

    d. Number of shares of preferred stock    0
    e. Number of shares common stock    225,000,000

    Comments, if any: __119,080,135 shares issued and outstanding.__

3. Brief description of debtor's business: __Humanigen is a clinical stage biopharmaceutical company, developing its portfolio of proprietary Humaneered® anti-inflammatory immunology and immuno-oncology monoclonal antibodies.__

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
Dr. Dale Chappell and entities affiliated with him, including Black Horse Capital LP, Black Horse Capital Master Fund Ltd., and Cheval Holdings, Ltd., may be deemed to constitute a "group" under section 13(d)(3) of the Securities Exchange Act of 1934, and such group may be deemed to collectively own 9.9% of Debtor's outstanding shares. However, none of these entities individually hold 10% or more equity interest in the Debtor.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>HUMANIGEN, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-_____ (___) |

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

  Pursuant to Federal Rules of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☒ None [*check if applicable*]

---

[1] The Debtor's mailing address in this chapter 11 case is 533 Airport Boulevard, Suite 400, Burlingame, CA 94010 and the last four digits of the Debtor's federal tax identification number are 7236.

11081952v.2

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:    Humanigen, Inc. | |
| United States Bankruptcy Court for the:    District of Delaware | ☐ Check if this is an amended filing |
| Case Number (If known): | |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | PATHEON BIOLOGICS LLC<br>4766 LAGUARDIA DRIVE<br>ST. LOUIS, MO  63134 | CONTACT: GENERAL COUNSEL<br>PHONE: (314) 426-5000<br>PSG.ACCOUNTS.STLOUIS@THERMOFISHER.COM | TRADE DEBT | D | | | $24,899,110.56 |
| 2 | CHIME BIOLOGICS (WUHAN) CO.,LTD<br>NO. 388 GAOXIN ROAD (NO.2)<br>EAST LAKE HI-TECH DEVELOPMENT ZONE<br>HUBEI PROVINCE<br>WUHAN  430000  CHINA | CONTACT: VIVIAN DENG<br>PHONE: +86-027-87879208<br>VDENG@CHIMEBIOLOGICS.COM | TRADE DEBT | | | | $7,394,719.00 |
| 3 | LSCS HOLDINGS, INC<br>190 N MILWAUKEE ST.<br>MILWAUKEE, WI  53202 | CONTACT: MARIE RUIZ<br>PHONE: (414) 434-4600<br>MARIE.RUIZ@EVERSANA.COM | TRADE DEBT | D | | | $4,769,205.25 |
| 4 | HOGAN LOVELLS US LLP<br>COLUMBIA SQUARE<br>555 THIRTEENTH STREET, NW<br>WASHINGTON, DC  20004 | CONTACT: ALAN DYE<br>PHONE: (202) 637-5600<br>ALAN.DYE@HOGANLOVELLS.COM | TRADE DEBT | C | | | $1,110,634.33 |
| 5 | POLSINELLI PC<br>1401 I STREET, N.W.<br>WASHINGTON, DC  20005 | CONTACT: KEVIN VOLD<br>PHONE: (202) 626-8357<br>KVOLD@POLSINELLI.COM | TRADE DEBT | | | | $792,182.70 |
| 6 | LONZA SALES LTD<br>MUNCHENSTEINERSTRASSE 38<br>BASIL  8001<br>SWITZERLAND | CONTACT: JAIME OKRAY<br>PHONE: (603) 610-5162<br>JAIME.OKRAY@LONZA.COM | TRADE DEBT | | | | $752,580.55 |

Debtor: Humanigen, Inc                                Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | MARKEN LLP<br>215 W. BRIDGEWATER RD<br>BRIDGEWATER BUSINESS PARK<br>ASTON, PA  19014 | CONTACT: KIMBERLY MEINEN<br>PHONE: (858) 432-9370<br>KIMBERLY.MEINEN@MARKEN.COM | TRADE DEBT | D | | | $603,643.54 |
| 8 | CTI CLINICAL TRIAL SERVICES, INC<br>100 E. RIVERCENTER BLVD.<br>SUITE 1600<br>COVINGTON, KY  41011 | CONTACT: MICHAEL KARWISCH<br>PHONE: (513) 598-9290<br>MKARWISCH@CTIFACTS.COM | TRADE DEBT | D | | | $594,073.00 |
| 9 | CHARLES RIVER LABORATORIES - ASHLAND (IL)<br>251 BALLARDVALE STREET<br>WILMINGTON, MA  01887 | CONTACT: JAMES WILLIAMS<br>PHONE: (781) 222-6502<br>JAMES.WILLIAMS@CRL.COM | TRADE DEBT | | | | $491,178.00 |
| 10 | CATALENT PHARMA SOLUTIONS - GALA (MADISON)<br>726 HEARTLAND TRAIL<br>MADISON, WI  53717 | CONTACT: MARY ENGLER, PH.D.<br>PHONE: (608) 590-7588<br>MARY.ENGLER@CATALENT.COM | TRADE DEBT | | | | $361,604.49 |
| 11 | UNIVERSITAT ZURICH<br>HIRSCHENGRABEN 48<br>ZURICH  8001<br>SWITZERLAND | CONTACT: SANDRA CAMPIGOTTO<br>PHONE: +41-44-634 44 01<br>CAMPIGOTTO@UNITECTRA.CH | TRADE DEBT | | | | $350,000.00 |
| 12 | PEARL COHEN ZEDEK LATZER BARATZ LLP<br>7 TIMES SQUARE<br>19TH FLOOR<br>NEW YORK, NY  10036 | CONTACT: MARK COHEN<br>PHONE: (646) 878-0804<br>MCOHEN@PEARLCOHEN.COM | TRADE DEBT | | | | $216,451.00 |
| 13 | CATALENT INDIANA, LLC<br>1300 S. PATTERSON DR.<br>BLOOMINGTON, IL  47403 | CONTACT: MARY ENGLER, PH.D.<br>PHONE: (608) 590-7588<br>MARY.ENGLER@CATALENT.COM | TRADE DEBT | | | | $202,079.90 |
| 14 | VINCE & ASSOCIATES<br>10103 METCALF AVENUE<br>OVERLAND PARK, KS  66212 | CONTACT: BRADLEY D. VINCE, D.O.<br>PHONE: (913) 696-1601<br>JCABANA@ALTASCIENCES.COM | TRADE DEBT | | | | $168,931.90 |
| 15 | CATALENT PHARMA SOLUTIONS, LLC<br>726 HEARTLAND TRAIL<br>MADISON, WI  53717 | CONTACT: MARY ENGLER, PH.D.<br>PHONE: (608) 590-7588<br>MARY.ENGLER@CATALENT.COM | TRADE DEBT | | | | $123,279.43 |
| 16 | BIOWA, INC.<br>212 CARNEGIE CENTER, SUITE 101<br>PRINCETON, NJ  08540 | CONTACT: ACHILLES VERGIS<br>PHONE: (908) 230-2900<br>VERGIS.ACHILLES.86@BIOWA.COM | TRADE DEBT | | | | $100,000.00 |
| 17 | BRYAN GARNIER SECURITIES, LLC<br>750 LEXINGTON AVENUE<br>NEW YORK, NY  10022 | CONTACT: PIERRE KIECOLT-WAHL<br>PHONE: +33 6 17 94 02 10<br>PKIECOLTWAHL@BRYANGARNIER.COM | TRADE DEBT | | | | $78,647.50 |

Debtor: Humanigen, Inc  Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C. 565 FIFTH AVENUE NEW YORK, NY 10017 | CONTACT: DANIEL C. LAMAGNA PHONE: (212) 856-9600 DLAMAGNA@MAGLAW.COM | TRADE DEBT | | | | $69,681.00 |
| 19 PHARMACEUTICAL RESEARCH ASSOC., INC. (PRA) PO BOX 200072 DALLAS, TX 75320-0072 | CONTACT: JESSICA SPAIN PHONE: (434) 951-3958 SPAINJESSICA@PRAHS.COM | TRADE DEBT | | | | $68,221.17 |
| 20 SHOOK, HARDY & BACON L.L.P 2555 GRAND BLVD. KANSAS CITY, MO 64108 | CONTACT: MARC MILES PHONE: (949) 975-1742 MMILES@SHB.COM | TRADE DEBT | | | | $67,479.53 |

# UNANIMOUS WRITTEN CONSENT OF SPECIAL COMMITTEE OF BOARD OF DIRECTORS OF HUMANIGEN, INC.

## January 3, 2024

In accordance with Section 141(f) of the General Corporation Law of the State of Delaware, the Amended and Restated Certification of Incorporation (as amended), the Second Amended and Restated Bylaws of Humanigen, Inc., and the resolutions of the board of directors (the "**Board**") dated October 5, 2023, the undersigned being the members of the special committee of the board of directors (the "**Special Committee**") of Humanigen, Inc. (the "**Company**"), hereby adopt and approve the following recitals and resolutions (the "**Resolutions**") by unanimous written consent:

**WHEREAS**, the Board and Special Committee previously considered the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Board previously passed resolutions dated July 18, 2023, September 14, 2023, and October 5, 2023 forming the Special Committee and delegating certain authority to the Special Committee, including but not limited to any transactions that pose conflicts of interest and authority to handle any and all decisions relating to the preparation and prosecution of any chapter 11 case.

**WHEREAS**, the Special Committee had the opportunity to consult with management and the Company's professional advisors, and fully consider each of the strategic alternatives available to the Company, including the possibility of pursuing a restructuring or sale of the Company's business and assets under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**NOW, THEREFORE, IT IS**

**RESOLVED**, that in the business judgment of the Special Committee, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief for the Company (referred to herein as the "**Bankruptcy Case**") under the Bankruptcy Code in a court of proper jurisdiction (the "**Bankruptcy Court**"); and it is further

**RESOLVED**, that the Special Committee, each director on the Special Committee and any other person designated and so authorized to act on behalf of the Special Committee (collectively, the "**Authorized Persons**"), acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company the petition, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and it is further

**RESOLVED**, that each of the Authorized Persons are, and each of them is, authorized and empowered, on behalf of and in the name of the Company, to retain and employ professionals to

render services to the Company in connection with the chapter 11 case, including, without limitation, the law firm of Potter Anderson & Corroon LLP, to act as chapter 11 counsel; SC&H Group, Inc., to act as investment banker and financial advisor; and Epiq Corporate Restructuring, LLC, to act as claims and noticing agent and administrative advisor, all subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the Special Committee is authorized and empowered to enter into that Asset Purchase Agreement (the "**APA**") between the Company, as seller, and Taran Therapeutics, Inc., a Delaware corporation, and any designees thereof, as purchaser, and each of the ancillary documents to be entered into and in connection therewith (the "**Sale Documents**"), and to enter into the transactions and obligations contemplated by the APA and the Sale Documents, subject to Bankruptcy Court approval, and it is further

**RESOLVED**, that the Company is authorized and empowered to obtain postpetition financing according to the terms which may be negotiated by, including debtor in possession credit facilities ("**DIP Financing**"), and in connection therewith, the Special Committee is hereby authorized and empowered to execute appropriate loan agreements and related ancillary documents; and it is further

**RESOLVED**, that the Authorized Persons, acting alone or with one or more other Authorized Persons, be, and they hereby are, authorized, empowered and directed to certify the authenticity of these resolutions; and it is further

**RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to advancement payment of filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; provided, however, that any action that relates to a sale or financing provided by an insider shall be addressed by the Special Committee; and it is further

**RESOLVED,** that all members of the Special Committee have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, or hereby waive any right to have received such notice; and it is further

**RESOLVED,** that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board.

**IN WITNESS WHEREOF**, the undersigned has executed this authorization as of the date first written above.

SPECIAL COMMITTEE MEMBERS OF THE
BOARD OF DIRECTORS

By: *Ronald Barliant*
Name: Ronald Barliant

By: *Rainer Boehm*
Name: Rainer Boehm

3

**Fill in this information to identify the case and this filing:**

Debtor Name __Humanigen, Inc._____

United States Bankruptcy Court for the: _____ District of __Delaware___
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Corporate Ownership Statement, Form 201A__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __01/03/2024__        ✗ __/s/ Ronald Barliant_____
MM / DD / YYYY                         Signature of individual signing on behalf of debtor

__Ronald Barliant_____
Printed name

__Independent Director_____
Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors