**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| HUMANIGEN, INC.,[1] | Case No. 24-10003 (___) |
| Debtor. | **Re: Docket No. 10** |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER SHORTENING AND**
**LIMITING THE NOTICE WITH RESPECT TO THE DEBTOR'S**
**BIDDING PROCEDURES MOTION**

The above-captioned debtor and debtor in possession (the "**Debtor**") hereby moves this

Court (the "**Motion**") for entry of an order, in substantially the form attached hereto as <u>Exhibit A</u>

(the "**Proposed Order**"), pursuant to section 105(a) of title 11 of the United States Code (the

"**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**") and Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), shortening and limiting

the notice with respect to the *Debtor's Motion for Entry of Orders (I)(A) Bid Procedures in*

*Connection with the Potential Sale of Substantially All of the Debtor's Assets, (B) Scheduling an*

*Auction and a Sale Hearing, (C) Approving the Form and Manner of Notice Thereof,*

*(D) Authorizing the Debtor to Enter into the Stalking Horse Agreement, (E) Approving Procedures*

*for the Assumption and Assignment of Contracts and Leases, and (F) Granting Related Relief; and*

*(II) an Order (A) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of*

*All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment*

---

[1] The Debtor's mailing address in this chapter 11 case is 533 Airport Boulevard, Suite 400, Burlingame, CA 94010 and the last four digits of the Debtor's federal tax identification number are 7236.

*of Contracts and Leases, and (C) Granting Related Relief* (the "**Bidding Procedures Motion**").[2]
In support hereof, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334
and the *Amended Standing Order of Reference* from the United States District Court for the District
of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue
of this case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  Venue is
proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.        The statutory and legal predicates for the relief sought herein are section 105(a) of
the Bankruptcy Code, Bankruptcy Rules 2002(a) and 9006(c)(1), and Local Rules 6004-1(c) and
9006-1(e).

3.        Pursuant to Local Rule 9013-1(f), the Debtor confirms its consent to the entry of a
final order or judgment by the Court with respect to this Motion if it is determined that this Court,
absent consent of the parties, cannot enter a final order or judgment consistent with Article III of
the United States Constitution.

## BACKGROUND

4.        On the date hereof (the "**Petition Date**"), the Debtor commenced its case by filing
a petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").

5.        The Debtor continues to manage and operate its business as Debtor in possession
pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[2]  Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the
Bidding Procedures Motion or the First Day Declaration (as defined herein), as applicable.

6.      To date, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").  No trustee or examiner has been appointed in the Chapter 11 Case.

7.      A detailed description of the Debtor, including its business operations, its corporate and capital structures, the events leading to the commencement of the Chapter 11 Case, and the facts and circumstances supporting this Motion, are set forth in greater detail in the *Declaration of Henry Madrid, Senior Vice President Finance of the Debtor, in Support of Chapter 11 Petition and First Day Pleadings* (the "**First Day Declaration**") and incorporated by reference herein.

8.      The relevant factual background is set forth in the Bidding Procedures Motion.  The Debtor hereby incorporates the Bidding Procedures Motion and the *Declaration of Matt LoCascio in Support of Bid Procedures and Sale Motion* (the "**LoCascio Declaration**") by reference as if it were set forth herein.

9.      The Debtor is seeking an order shortening the twenty-one (21) day notice period applicable to the Bidding Procedures Motion to January 19, 2024—or sixteen (16) days from the Petition Date, and shortening the fourteen (14) day objection deadline period to January 17, 2024—or fourteen (14) days from the Petition Date.  For the reasons set forth in the LoCascio Declaration and herein, the Debtor submits that this limited relief is necessary and appropriate in light of the Debtor's extensive prepetition marketing efforts and existing liquidity constraints and will permit prospective bidders to have clear guideposts regarding the sale process and therefore maximize value for the benefit of all stakeholders.

10.     As set forth more fully in the Bidding Procedures Motion and the LoCascio Declaration, the Debtor is seeking to consummate a sale of all or substantially all of the Debtor's Assets—a sale process that has been underway for nearly one year prior to the Petition Date.

11101942v.5

Specifically, on or about October 13, 2022, the Debtor commenced a targeted marketing process for a sale of substantially all of its Assets.  With the assistance of SC&H Group, Inc., the Debtor identified and contacted one hundred and one (101) potential bidders based on their industry, size, acquisition history, and potential strategic angle. The list of potential buyers was supplemented with fifty-five (55) potential buyers that management believed would have an interest in a transaction with the Debtor.  Following the initial outreach to the potential bidders, the Debtor executed non-disclosure agreements with fourteen (14) of the parties.  This led to additional in-person meetings and video calls with the more interested prospects. The Debtor was unsuccessful in its subsequent attempts to find a suitable strategic or financial purchaser or to consummate an equity financing transaction that would enable the company to regain compliance with applicable Nasdaq listing requirements.  As a result, on July 21, 2023, the Debtor notified the Nasdaq Hearings Panel (the "**Panel**") that it does not expect to be able to demonstrate compliance with all applicable criteria for listing on The Nasdaq Capital Market by the Debtor's compliance deadline of August 21, 2023. Accordingly, the Panel delisted the shares of the Debtor from the Nasdaq Capital Market and suspended trading in the Debtor's shares beginning Wednesday, July 26, 2023, and delisted the shares of the Debtor from the Nasdaq Capital Market beginning October 11, 2023.

11.    As discussed in the First Day Declaration and the LoCascio Declaration, the suspension from trading and delisting from the Nasdaq Capital Market had a significant, adverse effect on the Debtor's already strained liquidity and its ability to raise additional capital at a critical juncture. Accordingly, in the months before the Petition Date, the Debtor determined that, due to ongoing financial and strategic issues, pursuing a sale of the Assets through a chapter 11 bankruptcy proceeding would be the best method for maximizing the value of those Assets for the benefit of creditors.  The culmination of the Debtor's months-long, arduous prepetition marketing

4

process was the execution of the Stalking Horse Agreement with the Stalking Horse Bidder shortly before the commencement of the Debtor's Chapter 11 Case.  As noted in the Bidding Procedures Motion, the Stalking Horse Agreement embodies the highest and best offer for the Purchased Asses (as defined in the Stalking Horse Agreement) as of the Petition Date.

12.     While the Debtor has access to funds through a debtor in possession credit facility (the "**DIP Financing**") provided by Debtor's Stalking Horse Bidder, Taran Therapeutics Inc. (in such capacity, the "**DIP Lender**") time is of the essence in this Chapter 11 Case because of the limited budget, the Debtor's negative cashflow, and the sale milestones required as part of the DIP Financing.  Specifically, the Debtor must close its sale on or before February 20, 2024 because it will likely lack adequate cash to sustain itself due to significant expenses that may need to be funded in order to continue to operate the Debtor.  All of these factors will force an immediate liquidation of the Assets.  Naturally, holding a hearing on, and receiving approval of, the Bid Procedures Motion is the first step in the postpetition sale process and it is critical that process be expedited.

13.     As set forth in more detail in the Bid Procedures Motion, pursuant to the proposed DIP Loan between the Debtor and the DIP Lender, the Debtor is required to use its best efforts to successfully close a sale of the Assets on an expedited basis.  As such, shortening notice on the hearing on the Bidding Procedures Motion will provide potential bidders with the most runway and opportunity to finalize their bids, and ensure a full, fair and transparent sale process that will maximize the value of the Assets.

14.     Accordingly, due to the cash constraints, extensive prepetition marketing process, and the need to close the sale of all or substantially all of the Debtor's Assets quickly, among other reasons, it is crucial that the Bidding Procedures be approved on the proposed timeline such that

the Auction, sale, and closing can occur expeditiously, which will in turn maximize the value of the Debtor's estate.

## RELIEF REQUESTED

15.     By this Motion, the Debtor seeks entry of the Proposed Order, shortening the notice period with respect to the Bidding Procedures Motion and setting the Bidding Procedures Motion for hearing on or about January 19, 2024 (the "**Proposed Hearing Date**"), setting the objection deadline to the Bidding Procedures Motion as January 17, 2024 at 4:00 p.m. (ET) (the "**Proposed Objection Deadline**"), and the deadline for responses in support of the Bidding Procedures Motion to be filed on or before January 18, 2024 at 4:00 p.m. (ET) (the "**Proposed Reply Deadline**").

## BASIS FOR RELIEF REQUESTED

16.     Local Rules 6004-1(c) and 9006-1(c)(i) require that a sale procedures motion seeking approval of bidding and auction procedures be filed and served at least twenty-one days prior to the hearing on the sale procedures motion.  Local Rule 9006-1(c)(ii) further provides that objections, if any, to such a motion shall be no later than seven (7) days before the hearing date. *See* Del. Bankr. L.R. 9006-1(c)(i), (ii).

17.     According to Bankruptcy Rule 9006(c), "when an act is required or allowed to be done at or within a specified time…, the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 9006(c)(1).  Local Rules 6004-1(c) and 9006-1(e) further provide that a sale procedures motion may be heard on less notice than as otherwise required if authorized by order of the Court, on written motion (served on all interested parties) specifying the compelling circumstances justifying shortened notice.  Additionally, Local Rule 6004-1(c) contemplates that the Court may hear a motion to shorten related to a sale

procedures hearing on the first hearing in the case and grant such motion upon the presentation of evidence of compelling circumstances.

18.    Consistent with these rules, this Court has shortened the notice periods for sale procedures motions where the debtor demonstrates cause. *See, e.g.*, *In re Clarus Therapeutics Holdings, Inc.*, No. 22-10845 (MFW) [Docket No. 40] (Bankr. D. Del. June 16, 2023) (shortening notice of bidding procedures hearing by four days for a motion filed on the petition date); *In re Gold Standard Baking, LLC*, No. 22-10559 (JKS) [Docket No. 47] (Bankr. D. Del. June 23, 2022) (shortening notice of bidding procedures hearing by nine days for a motion filed on the petition date); *In re BHCosmetics Holdings, LLC*, No. 22-10050 (CSS) [Docket No. 46] (Bankr. D. Del. Jan. 18, 2022) (shortening notice of bidding procedures hearing by nine days for a motion filed on the petition date); *In re Knotel, Inc.*, No. 21-10146 (MFW) [Docket No. 64] (Bankr. D. Del. Feb. 3, 2021) (shortening notice of bidding procedures hearing to eleven days for a motion filed on the petition date); *In re Renovate Am., Inc.*, No. 20-13172 (LSS) (Bankr. D. Del. Dec. 24, 2020) [Docket No. 40] (shortening notice of bidding procedures hearing by four days for a motion filed on the petition date); *In re Rudy's Barbershop Holdings, LLC*, No. 20-10746 (LSS) (Bankr. D. Del. Apr. 7, 2020) [Docket No. 35] (shortening notice of bidding procedures hearing by nine days for a motion filed on the petition date); *In re Techniplas, LLC*, No. 20-11049 (LSS) (Bankr. D. Del. May 8, 2020) [Docket No. 84] (shortening notice of bidding procedures hearing by seven days for a motion filed on the petition date).

19.    In exercising such discretion, the court should "consider the prejudice to the parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting that such motions are common in light of the "accelerated timeframe of bankruptcy proceedings"). Indeed, as stated

in Bankruptcy Code § 102(1), "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. *See* 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . .""); *Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice."). Finally, Bankruptcy Code section 105(a) provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

20.    Here, compelling circumstances exist to shorten notice in connection with the Bidding Procedures Motion. As described in the Bidding Procedures Motion and briefly above, the Debtor believes that a prompt sale of its Assets, on shortened notice as requested herein, will maximize the value of its estate to the greatest extent possible under the circumstances of this Chapter 11 Case. Indeed, and as described above in the Bidding Procedures Motion, the Debtor's Assets have been marketed prepetition for nearly one year. Known potential bidders for the Debtor's Assets have had the opportunity to conduct extensive diligence, and parties expressing interest in serving as a stalking horse have received a form asset purchase agreement. Therefore, additional time before crystallizing the sale procedures for the benefit of all parties is not necessary—that is, shortening notice with respect to approval of the Bidding Procedures Motion will not impact such parties' ability to participate in the Sale Process and will not prejudice parties in interest who want to participate in this Chapter 11 Case.

21.    Moreover, the Debtor has a limited budget and negative cashflow that will not permit an extended stay in Chapter 11 pre-closing of the sale. Specifically, the Debtor must close

its sale on or before February 20, 2024 as its insurance policies are set for renewal on that date and the Debtor may not have sufficient funds to renew them and/or may not be able to renew them.

22.    Additionally, the Debtor is required to use its best efforts to successfully close a sale of the Assets on an expedited basis and consistent with the milestones set forth in the DIP Term Sheet and Stalking Horse Agreement.  As such, shortening notice on the hearing on the Bidding Procedures Motion will provide potential bidders with the most runway and opportunity to finalize their bids, and ensure a full, fair and transparent sale process that will maximize the value of the Assets.  Absent such relief, the Debtor may be unable to meet necessary milestones.

23.    As the Court is aware, sale procedures simply establish the "rules of the game" for the sale process.  Having Court-approved sale procedures in place provides potential bidders with assurances that they are operating on a level playing field according to rules applicable to all bidders and provides certainty as to what is required to participate in the process.  Nonetheless, the Debtor will continue to market its Assets for sale post-petition to the extent additional interest in purchasing the Debtor's Assets exists.  Therefore, the Debtor believes that the sale process will be best served by early approval of the sale procedures.

24.    Finally, if the Bidding Procedures Motion is not set for hearing on the Proposed Hearing Date, the Debtor may not have sufficient liquidity to finalize a sale of its Assets and would be required to liquidate its Assets by alternative means, to the detriment of the Debtor's stakeholders.  Shortened notice is therefore necessary to permit the Debtor to maximize value of its Assets for the benefit of its estates.

25.    Accordingly, and for these reasons, the Debtor respectfully submits that allowing the Bidding Procedures Motion to be considered on shortened notice at a hearing on or before January 19, 2024 is reasonable and appropriate here.

11101942v.5

## **LOCAL RULE 9006-1(e) CERTIFICATION**

26.     In accordance with Local Rule 9006-1(e), counsel to the Debtor notified counsel to the United States Trustee of its intention to file this Motion.  Counsel for the United States Trustee has objected to the relief requested herein.

## **NOTICE**

27.     Notice of this Motion has been or will be provided to: (a) the United States Trustee for the District of Delaware; (b) counsel to the DIP Lender and Stalking Horse Bidder; (c) the holders of the twenty (20) largest unsecured claims against the Debtor; (d) all other parties who have expressed a written interest in the Assets; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) the Attorney General for the State of Delaware; (h) the Securities and Exchange Commission; (i) all parties known or reasonably believed to have asserted an Interest in the Assets; (l) the Contract Counterparties; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor believes that no further notice is required.

## **NO PRIOR REQUEST**

28.     No prior motion for the relief requested herein has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtor respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, and grant such other and further relief to which the Debtor may be just and proper.

Dated:  January 4, 2024
       Wilmington, Delaware

Respectfully submitted,

*/s/ Aaron H. Stulman*
M. Blake Cleary (No. 3614)
Aaron H. Stulman (No. 5807)
Brett M. Haywood (No. 6166)
Maria Kotsiras (No. 6840)
Sameen Rizvi (No. 6902)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email:  bcleary@potteranderson.com
       astulman@potteranderson.com
       bhaywood@potteranderson.com
       mkotsiras@potteranderson.com
       srizvi@potteranderson.com

*Proposed Counsel to the Debtor and Debtor in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HUMANIGEN, INC.,[1] | Case No. 24-10003 (___) |
| Debtor. | |
| | Re: Docket No. __ |

### ORDER SHORTENING AND LIMITING THE NOTICE WITH RESPECT
### TO THE DEBTOR'S BIDDING PROCEDURES MOTION

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned Debtor and

Debtor in possession (collectively, the "**Debtor**") for entry of an order (this "**Order**"), pursuant to

section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006, and Local Rules 6004-

1(c) and 9006-1(c) and (e), (i) shortening the notice period with respect to the Bidding Procedures

Motion, (ii) setting the hearing date and objection deadline for the Bidding Procedures Motion;

and upon consideration of the Motion and all pleadings related thereto, including the First Day

Declaration; and having determined that no other or further notice of the Motion is required under

the circumstances; and having determined that the Court has jurisdiction to consider the Motion in

accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and having

determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined

that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and having determined that the relief requested in the Motion and provided for herein is in the best

interest of the Debtor, its estates, and its creditors; and after due deliberation and sufficient cause

appearing therefor:

---

[1] The Debtor's mailing address in this chapter 11 case is 533 Airport Boulevard, Suite 400, Burlingame, CA 94010 and the last four digits of the Debtor's federal tax identification number are 7236.

[2] All capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein;

2.      The Bidding Procedures Motion shall be heard on **January 19, 2024 at __:00 _.m. (prevailing Eastern Time)**.

3.      Any responses or objections to the Bidding Procedures Motion may be filed **on or before January 17, 2024 at 4:00 p.m. (prevailing Eastern Time).**

4.      Any reply to the responses or objections to the Bidding Procedures Motion may be filed **on or before January 18, 2024 (prevailing Eastern Time).**

5.      The Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

11101942v.5